UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BENITO A. SANTIAGO,

        Plaintiff,

v.                                  Case No. 3:23-cv-741-MMH-JBT

GLORIA WALDEN, et al.,

        Defendants.
_____

## ORDER

Plaintiff, Benito A. Santiago, an inmate of the Florida penal system is proceeding pro se on a civil rights Complaint (Doc. 1) against eight Defendants – Nurse Gloria Walden, Officer Reed, Sergeant McClure, Lieutenant Watson, Lieutenant Johnson, Sergeant Rulevitch, Officer Hampton, and Officer Mattox. He alleges claims of excessive force and denial of medical treatment regarding a February 7, 2023, cell extraction. See generally id.

Before the Court is Santiago's Motion for Preliminary Injunction (Doc. 26). In the Motion, Santiago alleges that on January 17, 2024, Defendant

Watson threatened "to hang [Santiago] from an oak tree."[1] Id. at 1. Santiago also asserts Watson has threatened to transfer him to Florida State Prison and "have [Santiago] killed]" if he "write[s] the courts." Id. According to Santiago, Watson has a reputation for inmate abuse, and Santiago has submitted grievances about the threats, but no one has responded. Id. Santiago explains that if he is not separated from Watson, Santiago fears that Watson is "going to kill" him. Id. Thus, he states, "the Court should grant [his] motion [for] a[] preliminary injunction." Id. at 2.

The Court is of the opinion that injunctive relief is unwarranted. First, Santiago has not complied with this Court's Local Rules, which require that a motion for injunctive relief be supported by a verified complaint or affidavits showing the movant is threatened with irreparable injury, describe precisely the conduct sought to be enjoined, and include a supporting memorandum of law. See M.D. Fla. R. 6.01, 6.02(a)(1). Second, Santiago fails to demonstrate he is entitled to injunctive relief.

> "A preliminary injunction is an extraordinary remedy never awarded as of right," id.[2] at 1077 (internal quotation marks omitted), and the party

---

[1] In light of Santiago's assertions, in an abundance of caution, the Clerk of Court sent a copy of Santiago's Motion (Doc. 26) and the Court's Amended Standing Order (Doc. 27) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm to the Inspector General and to the Warden of Santiago's institution.

[2] Fed. Trade Comm'n v. On Point Cap. Partners LLC, 17 F.4th 1066 (11th Cir. 2021).

> seeking that remedy must satisfy a four-part test, <u>Otto v. City of Boca Raton</u>, 981 F.3d 854, 860 (11th Cir. 2020). First, it must prove that "it has a substantial likelihood of success on the merits." <u>Id.</u> (internal quotation marks omitted). Second, it must prove that it will suffer irreparable injury unless the injunction issues. <u>Id.</u> Third, it must prove that the injury that threatens it "outweighs whatever damage the proposed injunction may cause the opposing party." <u>Id.</u> (internal quotation marks omitted). Finally, it must prove that "the injunction would not be adverse to the public interest" if issued. <u>Id.</u> (internal quotation marks omitted).

<u>Norwegian Cruise Line Holdings Ltd. v. State Surgeon Gen., Fla. Dep't of Health</u>, 50 F.4th 1126, 1134-35 (11th Cir. 2022); <u>Keister v. Bell</u>, 879 F.3d 1282, 1287-88 (11th Cir. 2018).

Here, Santiago seeks relief based on conduct that occurred after he initiated this action. See <u>Kaimowitz v. Orlando, Fla.</u>, 122 F.3d 41, 43 (11th Cir. 1997), <u>opinion amended on reh'g</u>, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); <u>see also</u> <u>Bruce v. Reese</u>, 431 F. App'x 805, 806 n.1 (11th Cir. 2011).[3] Also, to the extent that he seeks relief based on threats made against him,

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060-61 (11th Cir. 2022); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

those allegations are not enough to support a constitutional violation. See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) ("[V]erbal abuse alone is insufficient to state a constitutional claim."). As such, Santiago is not entitled to the relief he seeks.

Accordingly, Santiago's Motion for Preliminary Injunction (Doc. 26) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of March, 2024.

MARCIA MORALES HOWARD
United States District Judge

Jax-7

C:  Benito A. Santiago, #M83000
    Counsel of record