UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BENITO A. SANTIAGO,

          Plaintiff,

v.

                                    Case No. 3:23-cv-741-MMH-JBT

GLORIA WALDEN, et al.,

          Defendants.

_____

## ORDER

### I. Status

Plaintiff Benito A. Santiago, an inmate of the Florida Department of Corrections (FDOC), initiated this action by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983 (Complaint; Doc. 1). He is proceeding in forma pauperis. Doc. 7. Santiago names eight Defendants – Nurse Gloria Walden[1]; Officer Reed; Sergeant McClure; Lieutenant Watson; Lieutenant Johnson; Sergeant Rulevitch[2]; Officer Hampton; and Officer Mattox.

---

[1] Throughout the Complaint, Santiago refers to this Defendant as "Waldon," but in her filings, this Defendant clarified that her name is spelled "Walden." See Doc. 21.

[2] Throughout the Complaint, Santiago refers to this Defendant as "Rulebitch," but after service of process, the Court granted this Defendant's unopposed motion to correct his name to "Rulevitch." See Order (Doc. 22).

Complaint at 3-5. He raises claims of excessive force and deliberate indifference to his serious medical needs. See generally id.

This matter is before the Court on Defendants' motions to dismiss. See Gloria Walden's Corrected Motion to Dismiss Plaintiff's Complaint and Memorandum of Law (Walden Motion; Doc. 21); and Defendants Reed, Hampton, Mattox, McClure, Watson, Johnson, and Rulevitch's (FDOC Defendants) Motion to Dismiss (FDOC Motion; Doc. 25) (collectively Motions). Santiago filed responses to the Motions. See Response to Defendant Gloria Walden's Motion to Dismiss (Walden Resp.; Doc. 24), and Response to Defendants' Motion to Dismiss (FDOC Resp.; Doc. 29). The Motions are ripe for review.

## II. Santiago's Allegations[3]

Santiago alleges that on February 7, 2023, Defendant McClure approached Santiago's cell and ordered that he submit to a strip search. Complaint at 9. Santiago asserts he complied with the order, but McClure "lied" and advised other officers that Santiago refused, so McClure could use chemical agents to punish Santiago. Id. According to Santiago, Defendant

---

[3] In considering Defendants' Motions, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to Santiago, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Complaint, and may well differ from those that ultimately can be proved.

Watson also refused to let Santiago submit to a strip search, even though Santiago followed every request made of him. <u>Id.</u> at 10. He asserts Watson eventually ordered Defendant Johnson to administer three rounds of chemical agents into Santiago's cell, although after each round, Santiago "put his body on the glass" to show he was trying to follow McClure and Watson's orders to submit to restraints for a strip search. <u>Id.</u> at 9-10. Santiago asserts Johnson administered each round of chemical agents "as a form of punishment." <u>Id.</u> at 10.

Santiago contends that after Johnson administered the third round of chemical agents, Watson assembled a cell extraction team and ordered a forced cell extraction. <u>Id.</u> at 10. He alleges Defendants Reed, Hampton, Mattox, and Rulevitch were members of the extraction team. <u>Id.</u> at 9-10. According to Santiago, during the cell extraction, Reed wrapped the hand restraints around his own hands and hit Santiago on the back of his head, causing it to split open, before slamming Santiago's head on the ground. <u>Id.</u> at 9. He contends Hampton punched him in the face with a closed fist, and Mattox refused to let Santiago submit to hand restraints while he punched and slammed Santiago's face on the cell floor. <u>Id.</u> He also asserts Rulevitch choked him and slammed his head on the ground. <u>Id.</u> at 10.

Santiago alleges that during the cell extraction, Watson blocked the camera's view of the extraction team's actions while he watched the team slam

Santiago's head on the ground and use restraints to hit him in the face. <u>Id.</u> at 10. After applying the restraints, Santiago contends officers took him to medical where Defendant Walden, at the request of Watson, refused to document or treat all of Santiago's injuries, leaving him in pain. <u>Id.</u> at 9. Because of Defendants' actions, Santiago alleges he suffered jaw pain, swelling in his right hand and lip, as well as "damage to [his] head." <u>Id.</u> at 11. As relief, he seeks punitive damages. <u>Id.</u>

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 n.1 (2002); <u>see also</u> <u>Lotierzo v. Woman's World Med. Ctr., Inc.</u>, 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. <u>See</u> <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1262-63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>,

550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (quotations, citation, and original alteration omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in

order to sustain an action.'" <u>Campbell v. Air Jamaica Ltd.</u>, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting <u>GJR Invs., Inc. v. Cnty. of Escambia</u>, 132 F.3d 1359, 1369 (11th Cir. 1998), <u>overruled in part on other grounds as recognized in</u> <u>Randall</u>, 610 F.3d at 709).

## IV. Discussion

### a. <u>Walden Motion</u>

Defendant Walden makes one argument in her Motion. She contends Santiago's claim against her should be dismissed because he fails to state a plausible claim of deliberate indifference to his serious medical needs. Walden Motion at 1. She argues that the injuries Santiago asserts he suffered are <u>de minimis</u> and he fails to sufficiently allege a serious medical condition which Walden failed to treat. <u>Id.</u> at 3-4. According to Walden, Santiago's "swollen lip, swollen cheek, swollen hand, and unspecified 'damage' to his head are not the type of injuries for which a layperson would objectively seek medical attention." <u>Id.</u> at 10. She contends Santiago's allegations against her are too scarce, generalized, and conclusory to rise to the level of a deliberate indifference claim or go beyond gross negligence. <u>Id.</u> at 4-5, 10. Walden also states that Santiago provides no allegations about how or why Walden's alleged actions exacerbated his superficial injuries. <u>Id.</u> at 11.

In his Response, Santiago argues he has stated a plausible deliberate indifference claim against Walden because she "refused to treat [his] jaw pain

6

making it hard for [him] to eat for days," "never treat[ed] [his] pain [from] his head being slammed to the ground," and "never document[ed] injuries to show [his] head was slammed to the ground." Walden Resp. at 2. He asserts that "[e]ven a layperson would have recognized that the injuries needed to be documented and treated," and contends that the day after Walden examined him, he saw a different nurse because Walden refused to document his injuries. Id. In support, he attaches Walden's February 7, 2023, post use of force exam form and a February 8, 2023, post use of force exam form completed by a different medical practitioner. See Docs. 24-1 at 4; Doc. 24-2 at 4.

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer, 511 U.S. at 834); Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).

As it relates to medical care, "the Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" Keohane v. Fla.

7

Dep't of Corr. Sec'y, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting Estelle v.

Gamble, 429 U.S. 97, 104 (1976)). To prevail on a deliberate indifference claim,

a plaintiff must show: "(1) a serious medical need; (2) the defendants' deliberate

indifference to that need; and (3) causation between that indifference and the

plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir.

2009).

> "To show that a prison official acted with
> deliberate indifference to serious medical needs, a
> plaintiff must satisfy both an objective and a
> subjective inquiry." Farrow v. West, 320 F.3d 1235,
> 1243 (11th Cir. 2003). To meet the first prong, the
> plaintiff must demonstrate an "objectively serious
> medical need – i.e., "one that has been diagnosed by a
> physician as mandating treatment or one that is so
> obvious that even a lay person would easily recognize
> the necessity for a doctor's attention," and, in either
> instance, "one that, if left unattended, poses a
> substantial risk of serious harm." Id. (alteration
> adopted) (quotations omitted). To satisfy the second,
> subjective prong, the plaintiff must prove that the
> prison officials "acted with deliberate indifference to
> [his serious medical] need." Harper v. Lawrence Cnty.,
> 592 F.3d 1227, 1234 (11th Cir. 2010) (quotation
> omitted). "To establish deliberate indifference," a
> plaintiff must demonstrate that the prison officials "(1)
> had subjective knowledge of a risk of serious harm; (2)
> disregarded that risk; and (3) acted with more than

> gross negligence." Id. (quotation omitted).[4] An inmate-plaintiff bears the burden to establish both prongs. Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007).

Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270 (11th Cir. 2020) (footnote omitted); see Johnson v. Lewis, 83 F.4th 1319, 1327 & n.2 (11th Cir. 2023). Importantly, for allegedly inadequate medical treatment to rise to the level of a constitutional violation, the care must be "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Hoffer, 973 F.3d at 1271 (quoting Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)); see also Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) ("Grossly incompetent or inadequate care can constitute deliberate indifference . . . as can a doctor's decision to take an easier and less efficacious course of treatment" (internal citation omitted) or fail to respond to a known medical problem).

"As applied in the prison context, the deliberate-indifference standard sets an appropriately high bar." Swain, 961 F.3d at 1285. Indeed, the law is well settled that the Constitution is not implicated by the negligent acts of

---

[4] The Eleventh Circuit has recognized "a tension within [its] precedent regarding the minimum standard for culpability under the deliberate-indifference standard." Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270 n.2 (11th Cir. 2020). Regardless, the court stated that the "competing articulations – 'gross' vs. 'mere' negligence' – may be "a distinction without a difference" because "no matter how serious the negligence, conduct that can't fairly be characterized as reckless won't meet the Supreme Court's standard." Id.; see also Patel v. Lanier Cnty., 969 F.3d 1173, 1188 n.10 (11th Cir. 2020).

corrections officials and medical personnel. <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 348 (1986) ("As we held in <u>Daniels</u>, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). A complaint that a physician has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1176 (11th Cir. 2011) (quotations and citation omitted). The Eleventh Circuit has also noted that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." <u>Bismark v. Fisher</u>, 213 F. App'x 892, 897 (11th Cir. 2007) (quoting <u>Waldrop</u>, 871 F.2d at 1033).[5] Similarly, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an

---

[5] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. <u>See</u> <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060-61 (11th Cir. 2022); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted).

Here, taking Santiago's allegations as true, as the Court must, Santiago has not presented sufficient factual allegations to plausibly claim he suffered from a serious medical need to state an Eighth Amendment claim against Walden. Santiago alleges he suffered from jaw pain, which made it difficult to eat for a few days; a swollen right hand; a swollen lip; and "damage to [his] head." Complaint at 11. According to Santiago, Walden "refused to treat [his] injuries[,] leaving [him] in pain." Id. at 6. But "a plaintiff's statement that he experienced some pain or discomfort is not enough; the prisoner's pain must be objectively so severe that the failure to treat it deprives him of the minimal civilized measure of life's necessities." Brennan v. Thomas, 780 F. App'x 813, 820 (11th Cir. 2019) (per curiam) (internal quotation marks omitted). Indeed, temporary swelling of the lip and hands, as well as jaw pain, are not injuries so objectively severe that a layman would know of Santiago's alleged need for medical attention. And Santiago fails to allege that Walden's failure to provide treatment exacerbated those injuries. See, e.g., Sharpe v. Diaz, No. 5:20-cv-311-TKW/MJF, 2022 WL 1085004, at *4 (N.D. Fla. Feb. 18, 2022) ("Mere swelling and pain are not the kind of conditions that require immediate medical treatment."), rep. & recommendation adopted by, 2022 WL 1212145, at *1 (N.D. Fla. Apr. 25, 2022); Ashley v. Jones, No. 17-C-1785, 2018 WL

4354971, at *1 (E.D. Wis. Sept. 12, 2018) ("Simply stated, a painful lip, a black eye, swollen facial tissue and a headache do not amount to deliberate indifference to serious medical needs.").[6] Thus, Santiago has not alleged a plausible claim of deliberate indifference to a serious medical need, and Walden's Motion is due to be granted.

### b. __FDOC Motion__

FDOC Defendants argue the Complaint should be dismissed because: (1) Santiago failed to disclose his litigation history; (2) Santiago fails to state an excessive force claim against Defendant Johnson; and (3) Santiago's request for punitive damages is barred under 18 U.S.C. § 3626(a)(1)(A). See generally FDOC Motion. The Court addresses each argument in turn.

### *1. Litigation History*

FDOC Defendants argue this case should be dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) because Santiago did not properly disclose his litigation history. FDOC Motion at 3-5. According to FDOC Defendants, while Santiago disclosed three previous lawsuits relating to the conditions of his confinement, he failed to disclose two other previously filed actions relating to the conditions of his confinement: Santiago v. Gahrmann, No. 2:20-cv-1009-

---

[6] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

SPC-NPM (M.D. Fla.), and <u>Santiago v. Fisher</u>, No. 3:23-cv-443-MMH-LLL (M.D. Fla.). FDOC Motion at 4. They assert Santiago's omission of these two cases is an abuse of the judicial process and warrants dismissal of this case. <u>Id.</u>

In his Response, Santiago argues FDOC Defendants are misrepresenting his litigation history to manipulate the Court. FDOC Resp. at 2. According to Santiago, when he filed this case, he had filed only four prior actions relating to the conditions of his confinement. <u>Id.</u> He admits he disclosed only three of the four earlier actions but explains his reasoning for omitting the two cases FDOC Defendants mention. First, Santiago argues he did not list No. 2:20-cv-1009-SPC-NPM because the clerk's office erroneously opened that case when Santiago filed his amended complaint in No. 2:20-cv-938-SPC-MRM, which was a case he listed in his Complaint. <u>Id.</u> at 2; <u>see also</u> Complaint at 18. Second, Santiago acknowledges he failed to list No. 3:23-cv-443-MMH-LLL but argues his omission was a simple mistake and he honestly believed he included it when he was listing his litigation history. FDOC Resp. at 2-3.

The Prison Litigation Reform Act (PLRA) requires courts to dismiss a case at any time if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1), (2). When a complaint form requires a plaintiff to list his litigation

history, and the plaintiff makes affirmative misrepresentations regarding his litigation history under penalty of perjury, those misrepresentations may constitute an abuse of the judicial process warranting dismissal of the case as "malicious." 28 U.S.C. § 1915A(b)(1); Jenkins v. Hutcheson, 708 F. App'x 647, 648-49 (11th Cir. 2018) (per curiam); Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), abrogated in part on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (per curiam) (holding that dismissal of prisoner's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed). "It is well settled that federal courts have the inherent power to sanction parties, but the court must make a finding of bad faith on the part of the litigant before imposing such sanctions." Harris v. Warden, 498 F. App'x 962, 964 (11th Cir. 2012).

Here, the Court declines to dismiss Santiago's Complaint for abuse of the judicial process. Santiago disclosed three of his prior cases, and his explanation for omitting the other two cases is plausible. Indeed, upon review, it does appear the clerk's office opened No. 2:20-cv-1009-SPC-NPM in error. See No. 2:20-cv-1009-SPC-NPM (Doc. 7; Order) (dismissing case without prejudice

because "Santiago intended to file the amended complaint in his earlier filed Case No. 2:20-cv-938-SPC-MRM. He did not intend to file a new case."). And Santiago states he believed he included No. 3:23-cv-443-MMH-LLL when he listed his prior lawsuits, and his reasoning seems to be an honest mistake. As such, FDOC Defendants' Motion is due to be denied on this issue.

2. *Defendant Johnson – Failure to State a Claim and Qualified Immunity*

FDOC Defendants argue Defendant Johnson must be dismissed from this case because Santiago fails to state an excessive force claim against him. FDOC Motion at 6. According to FDOC Defendants, Santiago's sole allegation against Johnson is that he "[u]sed chemical agents on [Santiago] as a form of punishment," which Defendants contend is too conclusory to state a claim for relief. Id. at 7-10. Defendants also argue that Johnson is entitled to qualified immunity. Id. at 7-10. They assert that according to Santiago's allegations, Defendant Watson ordered Johnson to use chemical agents because Santiago was refusing to follow officer's orders. Id. at 10. Defendants assert the Eleventh Circuit has repeatedly held that the use of chemical agents to regain compliance does not constitute excessive force, and thus Santiago fails to establish Johnson violated a clearly established constitutional right. Id. at 9-10.

In his Response, Santiago argues he has stated a plausible excessive force claim against Johnson. FDOC Resp. at 3. According to Santiago, he

alleges Johnson used chemical agents on him three times as a form of punishment "knowing [Santiago] [was] compl[ying] [with] all orders given to him to prevent the use of chemical agents." Id. Santiago also contends Johnson is not entitled to qualified immunity because he has stated a plausible Eighth Amendment claim of excessive force against Johnson. Id. at 3-4.

In Sconiers v. Lockhart, 946 F.3d 1256, 1265 (11th Cir. 2020), the Eleventh Circuit reviewed "the principles applicable to Eighth Amendment excessive-force" claims. In doing so, the Court instructed:

> The Eighth Amendment, among other things, prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. As the Supreme Court has explained, "the unnecessary and wanton infliction of pain" qualifies under the Eighth Amendment as proscribed "cruel and unusual punishment." Hudson v. McMillian, 503 U.S. 1, 5 (1992). Nevertheless, the Supreme Court has instructed that what rises to the level of an "unnecessary and wanton infliction of pain" differs based on the type of Eighth Amendment violation alleged. Id.

> Since [the plaintiff] asserts excessive-force . . . claims, "the core judicial inquiry" requires [the Court] to consider "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins, 559 U.S. at 37 (citation and quotation marks omitted).[7] This standard requires a prisoner to establish two elements – one subjective and one objective: the official must have both "acted with a sufficiently culpable state of mind" (the subjective element), and the conduct must have been "objectively harmful enough to establish a

_____

[7] Wilkins v. Gaddy, 559 U.S. 34 (2010) (per curiam).

constitutional violation." Hudson, 503 U.S. at 8 (cleaned up).

With respect to the subjective element, "to have a valid claim on the merits of excessive force in violation of [the Eighth Amendment], the excessive force must have been sadistically and maliciously applied for the very purpose of causing harm." Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002); see also Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010).

As for the objective component of an excessive-force violation, it focuses on whether the official's actions were "harmful enough," Hudson, 503 U.S. at 8, or "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991), to violate the Constitution. "Not every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins, 559 U.S. at 37. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 37-38. Instead, the Eighth Amendment prohibits force that offends "contemporary standards of decency," regardless of whether "significant injury is evident," though the extent of injury may shed light on the amount of force applied or "whether the use of force could plausibly have been thought necessary." Wilkins, 559 U.S. at 37 (citation and internal quotation marks omitted).

Id. at 1265-66; see also McKinney v. Sheriff, 520 F. App'x 903, 905 (11th Cir. 2013) (per curiam). In determining whether an officer's use of force was applied maliciously and sadistically for the purpose of causing harm, courts consider five distinct factors:

17

> (1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986); Hudson, 503 U.S. at 7). When considering these factors, courts "must also give a 'wide range of deference to prison officials acting to preserve discipline and security,' including when considering '[d]ecisions made at the scene of a disturbance.'" Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (quoting Bennett v. Parker, 898 F.2d 1530, 1533 (11th Cir. 1990)).

Notably, a lack of serious injury, while not dispositive, is relevant to the inquiry. Wilkins, 559 U.S. at 38; Smith v. Sec'y, Dep't of Corr., 524 F. App'x 511, 513 (11th Cir. 2013) (per curiam). The United States Supreme Court has explained:

> "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." Ibid.[8] (quoting Whitley, supra, at 321). The extent of injury may also provide some indication of the amount of force applied. . . . An inmate who complains of a "'push or shove'" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Id. at 9 (quoting

---

[8] Hudson, 503 U.S. at 7.

> Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).[9]
>
> > Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.
>
> Wilkins, 559 U.S. at 37-38. The Eleventh Circuit has stated:
>
> > A plaintiff who suffers only de minimis injury does not necessarily lack a claim for excessive force under § 1983. Stephens,[10] 852 F.3d at 1328 n.33; Saunders v. Duke, 766 F.3d 1262, 1270 (11th Cir. 2014). However, the resulting injuries can be evidence of the kind or degree of force that was used by the officer. See Crocker v. Beatty, 995 F.3d 1232, 1251 (11th Cir. 2021).
>
> Charles v. Johnson, 18 F.4th 686, 700 (11th Cir. 2021).

Here, at this stage of the proceedings and taking Santiago's allegations as true, as the Court must, Santiago has sufficiently alleged a claim of excessive force under the Eighth Amendment against Johnson. Santiago asserts Johnson applied three rounds of chemical agents into Santiago's cell "as a form of punishment," despite knowing Santiago had complied with all orders to submit to restraints for a strip search. Complaint at 9-10. FDOC

---

[9] See Johnson, 481 F.2d at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.").

[10] Stephens v. DeGiovanni, 852 F.3d 1298 (11th Cir. 2017).

Defendants' argument that Johnson used chemical agents at the request of other officers to restore security and quell a disturbance is more appropriate in a motion for summary judgment, not in a motion to dismiss.

Also, as to FDOC Defendants' argument that Johnson is entitled to qualified immunity:

> "The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)) . . . . Once it has been determined that the official was acting within his discretionary duties, the burden shifts to the plaintiff to show (1) that the official violated a constitutional right and (2) that the right was clearly established at the time of the alleged violation. Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014). Our inquiry "can begin with either prong." Morris v. Town of Lexington, 748 F.3d 1316, 1322 (11th Cir. 2014).

Marbury v. Warden, 936 F.3d 1227, 1232-33 (11th Cir. 2019) (internal citations modified). As stated above, Santiago has sufficiently alleged Johnson used excessive force, violating his rights under the Eighth Amendment. Thus, at the pleading stage, Johnson is not entitled to qualified immunity for that claim. As such, FDOC Defendants' Motion is due to be denied on these issues.

*3. Punitive Damages*

FDOC Defendants argue that Santiago's request for punitive damages must be dismissed because it is statutorily barred. FDOC Motion at 10-17. According to Defendants, 18 U.S.C. § 3626(a)(1)(A) precludes punitive damages in all civil rights cases because such damages constitute "prospective relief." Id. at 10. In support of their contention, Defendants assert that punitive damages "are never necessary to correct a violation of a federal right." Id. at 11. They also contend that even if an award of punitive damages is necessary to correct such a legal violation, that award could not satisfy the PLRA's "stringent limitations" as the relief is neither "narrowly drawn" nor "the least intrusive means necessary to correct the violation of the Federal right." Id. at 11-12. In his Response, Santiago argues that his request for punitive damages is not statutorily barred but necessary to compensate him for FDOC Defendants' actions. FDOC Resp. at 4.

Section 3626(a)(1)(A) provides:

> (1) Prospective relief. – (A) Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public

21

> safety or the operation of a criminal justice system
> caused by the relief.

18 U.S.C. § 3626(a)(1)(A). Defendants are correct that punitive damages are considered "prospective relief" under § 3626. See Johnson v. Breeden, 280 F.3d 1308, 1325 (11th Cir. 2002) (holding "punitive damages are prospective relief"), abrogated on other grounds by Kingsley v. Hendrickson, 576 U.S. 389, 395 (2015)). But their argument that punitive damages, as "prospective relief" under § 3626, are precluded in prisoner civil rights actions is wholly misplaced. Indeed, they cite Johnson as their primary support for this notion; but in Johnson, the court did not hold that punitive damages were unavailable under § 3626 for § 1983 cases. Instead, in Johnson, the Eleventh Circuit clarified, in the context of a § 1983 civil rights case, that § 3626(a)(1)(A) merely provides the framework for awarding punitive damages. Id. at 1325. It explained "a punitive damages award must be no larger than reasonably necessary to deter the kind of violations of the federal right that occurred in the case . . . [and] that such awards should be imposed against no more defendants than necessary to serve that deterrent function and that they are the least intrusive way of doing so." Id.

While the Court is unaware of an Eleventh Circuit case that has addressed Defendants' specific argument here, the Court cannot disregard the Eleventh Circuit's long-standing recognition that punitive damages are

22

available in prisoner civil rights actions. Indeed, the Eleventh Circuit has held that 42 U.S.C. § 1997e(e) permits claims for punitive damages for § 1983 claims without a physical injury requirement. Hoever v. Marks, 993 F.3d 1353, 1364 (11th Cir. 2021).[11] And it has held "[p]unitive damages are appropriate in § 1983 cases 'where a defendant's conduct is motivated by evil intent or involves callous or reckless indifference to federally protected rights." Barnett v. MacArthur, 715 F. App'x 894, 905 (11th Cir. 2017). Also, the Eleventh Circuit Civil Pattern Jury Instructions on § 1983 damages include an instruction on awarding punitive damages. See Eleventh Circuit Pattern Jury Instruction, Civil Cases, Civil Rights – 42 U.S.C. § 1983 Claims – Damages § 5.13.

The Court also finds persuasive other district court decisions explicitly finding that § 3626(a)(1)(A) does not preclude an award of punitive damages in prisoner civil cases. See, e.g., Brown v. Semple, No. 3:16cv376, 2018 WL 4308564, at *14 (D. Conn. Sept. 10, 2018) (collecting cases); Douglas v. Byunghak Jin, No. 11-0350, 2014 WL 1117934, at *4-5 (W.D. Penn. Mar. 20, 2014) (reasoning that if Congress "intended to abolish punitive damages in all prisoner litigation under the PLRA, it would have done so directly, and in much plainer terms"). Thus, the Court declines to find that § 3626 precludes a

---

[11] In Hoever, the Eleventh Circuit declined to address the availability of punitive damages in prison condition cases under 18 U.S.C. § 3626. Hoever, 993 F.3d at 1364 n.5.

request for punitive damages in this § 1983 action, and FDOC Defendants' Motion is due to be denied on this issue.

Accordingly, it is

**ORDERED:**

1.      Gloria Walden's Corrected Motion to Dismiss Plaintiff's Complaint and Memorandum of Law (Doc. 21) is **GRANTED**.

2.      Santiago's claim against Defendant Walden is **DISMISSED with prejudice**. The **Clerk** shall terminate Gloria Walden as a Defendant in this case.

3.      FDOC Defendants' Motion to Dismiss (Doc. 25) is **DENIED**.

4.      FDOC Defendants shall file an answer to the Complaint (Doc. 1) by **June 28, 2024**.

5.      The Court will issue a separate order setting case management deadlines.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of June, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

24

Jax-7
C:      Benito A. Santiago, #M83000
        Counsel of record