UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BENITO A. SANTIAGO,

      Plaintiff,

v.                                    Case No. 3:23-cv-741-MMH-SJH

REED, et al.,

      Defendants.

_____

**ORDER**

Plaintiff, an inmate in the Florida Department of Corrections (FDOC), is proceeding on a pro se Civil Rights Complaint (Doc. 1) against seven Defendants: Officer Reed; Sergeant McClure; Lieutenant Watson; Lieutenant Johnson; Sergeant Rulevitch; Officer Hampton; and Officer Mattox. Plaintiff's claim that Defendants engaged in an excessive use of physical force, violating his rights under the Eighth Amendment, remains.[1]

Before the Court is Plaintiff's Motion to Compel. Doc. 41. Defendants filed a Response in Opposition to the Motion. *See* Doc. 43. First, Plaintiff moves to compel Defendants to produce documents responsive to request 4 of Plaintiff's First Request for Production – "any grievance and complaint on file dealing with excessive force by the use of chemical agents or forced extraction team by defendants since working" at

---

[1] The Court dismissed with prejudice Plaintiff's claim that Nurse Gloria Walden acted deliberately indifferent to Plaintiff's serious medical needs following the use of force. *See* Doc. 33.

the FDOC. *Id.* at 1; *see also* Doc. 41-1 at 3. Defendants respond that FDOC's personnel files do not contain all inmate grievances or complaints made against employees, and Defendants' employment with the FDOC does not entitle them to access FDOC's grievance database or records of the FDOC's Office of the Inspector General. *Id.* at 4. Instead, according to Defendants, they only have access to records of their disciplinary actions, and the only way to identify every grievance submitted against a specific employee is to review every grievance submitted by every inmate housed at every institution a Defendant has ever worked. *Id.* at 4-5. To that end, Defendants assert Plaintiff requests documents that are not in Defendants' possession, custody, or control. *Id.* at 6. In support of that argument, they attach a declaration from Ashley Stokes who outlines how cumbersome searching specific grievances would be for FDOC personnel, as well as a declaration from Christian Cea who reviewed the personnel files for each Defendant and summarized each Defendant's disciplinary history. *See* Docs. 43-6; 43-7. Defendants also contend that documents related to allegations by other inmates are irrelevant and not proportional to the needs of the case as unrelated complaints have no impact on resolving this case. Doc. 43 at 8.

The Court does not agree to the extent Defendants suggest that other grievances or complaints against them are categorically not relevant and discoverable. *See, e.g.*, *Kelly v. Carter*, No. 3:22-cv-844-BJD-LLL, 2024 WL 21195, at * 4 (M.D. Fla. Jan. 2, 2024). The Court agrees with Defendants, however, that it would be unduly burdensome and not proportional to the needs of the case to individually review all grievances to determine whether any additional grievances or complaints exist against

any Defendant(s) that are not known by Defendants or captured within Defendants' personnel files or disciplinary histories. *See, e.g.*, *Davis v. Daniels*, No. 3:20-cv-5935-MCR-HTC, 2022 WL 20539239, at *4 (N.D. Fla. Apr. 19, 2022). But because Defendants agree to "attempt to identify" and deliver relevant responsive documents, some of which they have already provided to Plaintiff, Doc. 43 at 4, their argument that they lack possession of all pertinent grievances and complaints is misleading. Thus, the Court **grants** Plaintiff's Motion to Compel **to the extent that if Defendants are aware of any documents responsive to this request (including without limitation any such documents in their personnel files) and have not yet disclosed them, they must provide those documents to Plaintiff.**

Next, Plaintiff moves to compel Defendant Watson to provide a complete answer to interrogatories 4, 5, 6, 7, 8, 9, and 10 of Plaintiff's First Set of Interrogatories. Doc. 41 at 1; Doc. 41-2.

*Interrogatories 6 and 7.* Plaintiff asks if Defendant Watson has had any other complaints or grievances filed against him for excessive force or the use of chemical agents. Doc. 41-2 at 3-4. Watson argues that these interrogatories seek the same information encompassed in request 4 of Plaintiff's First Request for Production, and objects on the same grounds that the information sought is unduly burdensome, irrelevant to the issues in this case, and not in his possession or control. Doc. 43 at 12. For the reasons previously discussed, the Court **grants** Plaintiff's Motion to Compel

**to the extent that Defendant Watson must provide better answers to interrogatories 6 and 7 and disclose all relevant and responsive information within his knowledge.**

*Interrogatories 8 and 9.* Plaintiff asks Watson to explain how and why the handheld camera was operated in a certain way during the use of force. Doc. 41-2 at 5. Watson objects to these questions as speculative because it is undisputed that he was not operating the camera during the use of force and thus cannot comment on another person's state of mind. Doc. 43 at 12. The Court agrees. *See Bray & Gillespie Mgmt., LLC v. Lexington Ins. Co.*, No. 6:07-cv-222-Orl-19KRS, 2008 WL 5479701, at *4 (M.D. Fla. Nov. 25, 2008) *report & recommendation adopted as modified by* 2008 WL 5120696, at *1 (M.D. Fla. Dec. 4, 2008) (finding inquiry about what witnesses may know calls for speculation). Thus, the Motion to Compel is denied as to interrogatories 8 and 9.

*Interrogatories 4, 5, and 10.* In interrogatories 4 and 5, Plaintiff asked Watson if, during the use of force, he heard Plaintiff tell the officers that he would comply with their orders, and that Defendant McClure refused to allow Plaintiff to comply. Doc. 41-2 at 3. In interrogatory 10, Plaintiff asked Watson "why wasn't an incident report written on the staff who was holding the . . . camera for not following policy and keeping camera on [P]laintiff during the force[d] extraction . . . ." *Id.* at 5. Watson responds that to the extent that interrogatory 4 asked Watson whether he personally heard Plaintiff state that he would comply, Watson contends he answered that question in the affirmative, and thus, his response was sufficient. Doc. 43 at 14. Watson otherwise objects to interrogatories 4, 5, and 10 because the questions asked

Watson to assume facts for which he disputes. *Id.* at 13. Notably, Watson disputes Plaintiff's contention that the camera did not remain on Plaintiff during the duration of the use of force, and Watson disputes Plaintiff's assertion that officers did not allow Plaintiff to comply with orders. *Id.* To that end, according to Watson, these interrogatories are argumentative.

The Court agrees that these interrogatories are argumentative. *See, e.g.*, *Zadrozny v. Bd. of Trustees Dist. No. 508*, No. 89 C 3701, 1991 WL 66075, at *1 (N.D. Ill. Apr. 24, 1991) (finding interrogatories argumentative and improper where questions did not call for the defendants to provide information, but accused them of wrongdoing and then requested an explanation for the alleged conduct). Thus, the Motion to Compel is denied as to interrogatories 4, 5, and 10.

Accordingly, it is

**ORDERED**:

1.      Plaintiff's Motion to Compel (Doc. 41) is **GRANTED in part and DENIED in part**.

2.      Within **thirty (30) days** of this Order, Defendants must produce the documents and supplement the interrogatory responses as set forth in this Order.

3.      Defendants' request for payment of expenses (Doc. 43 at 14-15) is **DENIED**. *See* Fed. R. Civ. P. 37(a)(5)(C).

4.      Plaintiff's Motion for Extension of Time for Discovery (Doc. 44) is **GRANTED to the extent** that these deadlines apply:

a.   Discovery to be completed by **December 4, 2024**.

b.   Any summary judgment motion or other case-dispositive motion must be filed by **January 27, 2025**.

c.   Responses to any dispositive motion shall be filed by **March 13, 2025**.

d.   The parties are encouraged to discuss the possibility of settlement and notify the Court if their efforts are successful. In doing so, Plaintiff and Defendants are encouraged to maintain a realistic approach in making or considering any settlement offers.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of November, 2024.

_____

Samuel J. Horovitz
United States Magistrate Judge

Jax-7
C:   Benito A. Santiago, #M83000
Counsel of record

6